# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re: <br><br> Emanuel Baez Martin, <br> Jennifer Soto Soto, <br><br> Debtors. | Case No. 18-17741-amc <br><br> Chapter 7 |
| Emanuel Baez Martin, <br> Jennifer Soto Soto, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas J. Vilsack, *in his official capacity as Secretary of the United States Department of Agriculture*, <br><br> United States Department of Agriculture, <br><br> Defendants. | Adversary No. |

**Complaint for Violation of the Discharge Injunction**

Plaintiffs Emanuel Baez Martin and Jennifer Soto Soto, by and through their undersigned counsel, allege the following upon information and belief:

**Jurisdiction and Venue**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A).

3. The Plaintiffs have standing to bring this action pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. P. 7001(7).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. The Plaintiffs consent to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with U. S. Const. art. III.

6. The Plaintiffs need not pay the filing fee for this action because they are the debtors in the associated bankruptcy case. Judicial Conference of the United States, *Bankruptcy Court*

*Miscellaneous Fee Schedule*, https://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule (last visited December 1, 2020).

## Parties

7. Plaintiff Emanuel Baez Martin, an individual, is and has been a citizen of the State of New Jersey since about September 1, 2022.

8. Plaintiff Jennifer Soto Soto, an individual, is and has been a citizen of the State of New Jersey since about September 1, 2022.

9. Defendant Thomas J. Vilsack is the Secretary of the United States Department of Agriculture and is charged by statute with the supervision and management of all decisions and actions of that department. Mr. Vilsack is sued in his official capacity.

10. Defendant United States Department of Agriculture is an agency of the United States within the meaning of 5 U.S.C. § 701(b)(1).

## Facts

11. On November 25, 2018, the Plaintiffs filed a voluntary petition for relief under chapter 7 of Title 11, United States Code, thereby initiating bankruptcy case number 18-17741 in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania, Philadelphia Division (the "Bankruptcy Case").

12. At the time the Bankruptcy Case was filed, the Plaintiffs owned real property located at State Road 352 Km 3.6, Ward Leguizamo in Mayaguez, Puerto Rico (the "Mayaguez Property"), as tenants by the entirety, which secured a mortgage loan from the United States Department of Agriculture. Exhibit A.

13. The Plaintiffs' schedules indicate their intent to surrender the Mayaguez property. Exhibit B.

14. The Plaintiffs' schedules estimate that their *in personam* unsecured liability associated with the USDA loan was $31,510. Exhibit C.

15. An order granting a discharge to the Plaintiffs was entered by U.S. Bankruptcy Judge Eric L. Frank on May 16, 2019. Exhibit D.

16. The Plaintiffs did not redeem the Mayaguez property or enter into a reaffirmation agreement before the Court issued the discharge order. Exhibit E.

17. On May 19, 2019, the Bankruptcy Noticing Center served the discharge order on the U.S.D.A. and the U.S. Attorney for the Eastern District of Pennsylvania. Exhibit F.

18. After the discharge, the Defendants told the Plaintiffs that the Plaintiffs are responsible for the in personam debt associated with the loan, even though the debt was discharged in bankruptcy. Exhibit G.

19. The Defendants also made direct collection calls to the Plaintiffs to collect the in personam debt after the discharge. *Id.*

20. Although the collection calls have since stopped, it is apparent from subsequent interactions between the Plaintiffs and the Defendants that the Defendants still consider the in personam debt valid, telling the Plaintiffs expressly that they would "be responsible for any debt that remained once the house was sold." *Id.*

21. The Defendants' threats to the Plaintiffs indicate that the debt collection efforts were and are intentional.

22. Upon information and belief, the Defendants have not foreclosed on the Mayaguez Property nor released the lien since the discharge order was entered.

23. The Defendants' threats to the Plaintiffs indicate that the Defendants' retention of the lien and failure to foreclose on the Mayaguez Property is part of an effort to coerce the Plaintiffs into paying an in personam debt that was discharged in their bankruptcy case.

24. The condition of the Mayaguez Property is deteriorating due to neglect and natural disasters. *Id.*

25. The deteriorated condition of the Mayaguez Property has caused the value of the property to depreciate, and the value of the property will continue to depreciate if left unkept.

26. The Defendants' debt collection efforts have caused the Plaintiffs emotional distress and economic loss. *Id.*

## Claims for Relief

### Count 1
### Willful Violation of Discharge Injunction

27. The Plaintiffs hereby re-allege and incorporate all proceeding paragraphs as if fully set forth here.

28. A creditor violates the discharge injunction contemplated by 11 U.S.C. §§ 524(a) and 727 when the creditor knew about the discharge inunction and took intentional action that violated it. *In re Hardy*, 97 F.3d 1384, 1390 (11th Cir. 1996).

29. The Defendants violated 11 U.S.C. §§ 524(a) and 727 by intentionally attempting collection of a discharged debt with knowledge of the bankruptcy discharge when the Defendants demanded that the Plaintiffs pay the loan's deficiency balance, threatened consequences for not paying, and made direct collection calls.

30. A creditor violates the discharge order when it refuses to either foreclose on a property or release its lien as part of a coercive effort to require payment of a secured debt beyond the value of the collateral. *See In re Pratt*, 462 F.3d 14, 15 (1st Cir. 2006); *See also Canning v. Beneficial Me. Inc.*, 706 F.3d 64, 66 (1st Cir. 2013).

31. The Defendants violated 11 U.S.C. §§ 524(a) and 727 by not foreclosing on the Mayaguez Property and retaining the lien on the property in a coercive effort to enforce collection of the loan's deficiency balance from the Plaintiffs.

32. As a direct and proximate result of the Defendants' unlawful conduct, the Plaintiffs suffered great emotional distress and economic loss.

33. The Plaintiffs are entitled to appropriate declaratory and injunctive relief in addition to award of compensatory damages, punitive damages, attorney's fees, and costs pursuant to 11 U.S.C. §§ 524 and 105.

**Request for Relief**

**NOW, THEREFORE**, the Plaintiffs request that this Court enter judgment in their favor against the Defendants and grant relief:

A. ordering the Defendants to foreclose upon the Mayaguez Property;

B. awarding the Plaintiffs damages incurred by the violation of the discharge injunction in the amount of $10,000.00;

C. awarding the Plaintiffs punitive damages;

D. awarding the Plaintiffs attorney fees and costs; and

E. such other and further relief as the Court deems necessary and proper.

Date: March 4, 2023

CIBIK LAW, P.C.
*Counsel for Plaintiffs*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com